IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JUSTIN LEE BAKER, #313784, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:22-CV-375-RAH-SMD |
| KAY IVEY, et al., | ) ) ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Justin Lee Baker, an inmate appearing *pro se*, filed this 42 U.S.C. § 1983 action alleging Defendants violated due process by failing to provide him a parole consideration hearing date. Doc. 1. Defendants filed a Joint Motion for Permission for Leave to File a Motion to Dismiss (Doc. 11) and accompanying Motion to Dismiss (Doc. 11-1), Plaintiff filed a response in opposition to Defendants' motions (Doc. 17), and Defendants filed a reply (Doc. 18). Upon consideration of the parties' submissions, and for the reasons set forth below, the undersigned RECOMMENDS that Defendants' motions be GRANTED and this case be DISMISSED.

**I.    THE COMPLAINT**

Plaintiff brings this action against four individuals—Governor Kay Ivey, Alabama Bureau of Pardons and Paroles Director Cam Ward, Alabama Department of Corrections ("ADOC") Commissioner John Hamm, and Institutional Parole Officer Steve Willingham. Doc. 1 at 1, 3. He alleges that he was sentenced to 10 years in ADOC custody for sexual

abuse of one individual and 30 years for attempted murder of another, and his sentences were ordered to run concurrently. *Id*. at 4. After he was sentenced, Governor Ivey "put into effect . . . a 'rule' that bars certain crimes from parole" and that denied Plaintiff the "right . . . to be considered for parole review." *Id*. Defendants Ward and Hamm "allowed this illegal action to take place." *Id*. At some point, Plaintiff asked Defendant Willingham why he had not yet received a parole consideration date, and, on June 13, 2022, Defendant Willingham told him that, "based on his 10 year sentence for sexual abuse . . . he was now serving a mandatory 30 year sentence . . . with 'no' possibility of parole." *Id*. at 5.

Based on these allegations, Plaintiff claims Defendants violated his Fourteenth Amendment right to due process. *Id*. at 6. He seeks declaratory relief as well as an order directing Defendants to set a parole date for him and "to grant his parole if he meets the parole board guidelines, because [D]efendants may hold this suit against him, and deny his parole strickly [sic] out of retaliation." *Id*. at 7.

## II.  ARGUMENTS BEFORE THE COURT

In their motion, Defendants argue that this case is due to be dismissed for multiple reasons. They first argue that, on January 17, 2023, the Alabama Board of Pardons and Paroles set a parole consideration hearing date for Plaintiff, thus mooting his request for an order to set a hearing date. Doc. 11-1 at 2, 6. Second, they argue that Defendants have no legal authority to set parole hearings or consider an inmate for parole—those are responsibilities left solely to the Board, and the Board is not a named defendant in this action. *Id*. at 2. Finally, they argue that Plaintiff is not entitled to his other request for relief, an order that he be granted parole in the future if he meets the parole guidelines, because

2

(1) Plaintiff lacks standing to seek such prospective relief; (2) there is no constitutional right to parole; and (3) once again, Defendants are not statutorily authorized to grant Plaintiff parole. *Id*. at 2–3.

In his response, Plaintiff admits that the Board has indeed set a parole consideration hearing date for him. Doc. 17 at 2 (citing Doc. 11-1 at 6). Nevertheless, he argues that this action should not be dismissed because the Board did not set that date until after he filed this lawsuit. *Id*. at 3. He further "agrees that [Defendants] did not have the legal standing to ban[] [him] from parole consideration, but with [Defendant] Ivey's 'rule,' all [D]efendants had, or played, a role in [his] not obtaining a parole date." *Id*. He then reiterates his alleged need for protection from a future retaliatory action and argues that "[D]efendants has [sic] already shown . . . bias towards [him] when they informed [the Court] that [his] victim was a child less than 12." *Id*. at 4. Finally, he argues that the hearing date he was given does not comply with the Board's guidelines, as it is set for 2033 and should instead be set for 2028. *Id*.

In their subsequent reply, Defendants maintain that dismissal is appropriate for the same reasons provided in their motion—including that, as a matter of law, Defendants are not responsible for setting Plaintiff's hearing date and, as such, they are not responsible for any timing concerns Plaintiff may have regarding that date—and because the Board's handling of Plaintiff's parole consideration complies with Alabama statutory law. Doc. 18.

## III.   DISCUSSION

Upon consideration of the Complaint and the parties' subsequent filings, the undersigned agrees with Defendants that this action is due to be dismissed for the following reasons.

### a.   Plaintiff has failed to state a viable due process claim.

As an initial matter, Plaintiff has failed to demonstrate that any of the named Defendants violated his due process rights. First, to the extent Plaintiff vaguely alleges Governor Ivey created a "rule" denying him the right to parole review, Defendant Ivey has no legal authority to grant or deny an inmate parole. *See* Ala. Const. of 1901 art. V, § 124 (providing that the "legislature," rather than the Governor, "shall have power to provide for and to regulate the administration of pardons [and] paroles"). By statute, the authority to decide when and whether to grant or deny parole lies with the Alabama Board of Pardons and Paroles. *See* Ala. Code § 15-22-24(a)(1) (providing that the Board "shall be charged with . . . [d]etermining which prisoners serving sentences in the jails and prisons of the State of Alabama may be released on parole and when and under what conditions"). Moreover, even if Governor Ivey did have such authority, it appears from the parties' filings that Plaintiff has not in fact been denied parole review as initially alleged, as the Board has set a parole consideration hearing date for Plaintiff. Docs. 17 at 2; 11-1 at 6.[1]

---

[1] In deciding a motion to dismiss, the Court may consider a document attached to the motion if the attached document is central to Plaintiff's claim and undisputed. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citations omitted). Whether Plaintiff has been deemed ineligible for parole consideration is central to his due process claim, and he does not dispute that the Board has scheduled a parole consideration hearing date for him.

Because Governor Ivey cannot and has not barred Plaintiff from parole review, Plaintiff's vague and conclusory assertions that Defendants Ward and Hamm "allowed this illegal action to take place" and that all Defendants "had, or played, a role in [his] not obtaining a parole date" also fail to state a due process claim. Not only do these allegations fail to satisfy the Federal Rules of Civil Procedure[2], and not only are they refuted by Plaintiff's receipt of a hearing date, but Defendants Ward, Hamm, and Willingham do not have legal authority to grant or deny Plaintiff parole consideration. *See* Ala. Code §§ 15-22-24(a)(1) (again, providing that the Board is responsible for parole determinations), 15-22-21(b) (providing that Director Ward is "vested with all power necessary to perform the duties assigned to the board by law *except* the board's power to adopt rules, guidelines, or other policies and to make individual determinations concerning . . . the grant or denial of paroles" (emphasis added)). Thus, Plaintiff has failed to demonstrate that any of the named Defendants violated his constitutional rights.

As an additional ground for dismissal, Plaintiff has failed to demonstrate the deprivation of a protected liberty interest. *See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The Eleventh Circuit has made clear that there are only two instances in which a prisoner may be deprived of a due process liberty interest under § 1983:

---

[2] Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.

> The first is when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court. The second situation is when the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Morales v. Chertoff*, 212 F. App'x 888, 890 (11th Cir. 2006) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1290–91 (11th Cir. 1999) and *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "In the first situation, the liberty interest exists apart from the state; in the second situation, the liberty interest is created by the state." *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999).

Neither of the above situations applies here. First, the Constitution provides no liberty interest in parole. *See Jones v. Ray*, 279 F.3d 944, 945 (11th Cir. 2001) ("It . . . is well-settled that there is no federal constitutional right to parole.") (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.")). Second, there is no state-created liberty interest in parole in Alabama. *See Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991) ("[W]e have previously determined that the Alabama parole statute, Ala. Code § 15-22-26 (1975), does not confer a liberty interest in parole that is protected by the Due Process Clause because the statute provides that parole may be granted at the Board's discretion."); *Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982) ("The Alabama [parole] statute . . . calls for discretionary rather than mandatory action on the part of the board.[] When the statute is framed in discretionary terms there is not a liberty interest created."). Thus, because Plaintiff does

6

not have a liberty interest in parole, his due process claim fails. *See id*. ("Since the court finds that the Alabama parole statutes do not create a liberty interest and that appellant has failed to show arbitrary or capricious action on the part of the Alabama Board of Pardons and Paroles, the claims of the appellant [that the Board violated his due process rights] are without merit.").

Accordingly, because none of the named Defendants are legally authorized to determine whether Plaintiff "may be released on parole and when and under what conditions," Ala. Code § 15-22-24(a)(1); the non-party Board has in fact scheduled a parole consideration hearing date for Plaintiff; and there is no constitutional or state-created liberty interest in parole, Plaintiff has failed to state a viable due process claim against any of the named Defendants, and these purported claims should be DISMISSED.

      **b.**      **Plaintiff has failed to state a viable retaliation claim.**

Next, as to Plaintiff's request that the Court order Defendants "to grant his parole if he meets the parole board guidelines" in 2033 because he fears retaliation based on this lawsuit, Plaintiff is not entitled to such relief for numerous reasons. First, as demonstrated above, Defendants have no authority to grant or deny Plaintiff parole regardless of whether he meets the parole guidelines. Ala. Code § 15-22-24(a)(1). Second, as demonstrated above, there is neither a constitutional right to parole nor a state-created liberty interest in parole in Alabama. *See Jones*, 279 F.3d at 945 (citing *Greenholtz*, 442 U.S. at 7); *Monroe*, 932 F.2d at 1441. Finally, Plaintiff's concern that he "may" be retaliated against years from now fails to demonstrate "a real and immediate threat of future injury." *See Eubank v. Leslie*, 210 F. App'x 837, 842 (11th Cir. 2006) (citing *City of Los Angeles v. Lyons*, 461

7

U.S. 95, 102–05 (1983) (holding that a party has standing to seek injunctive relief only if he alleges a real and immediate—as opposed to a conjectural or hypothetical—threat of future injury); *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1241 (11th Cir. 2003)). Accordingly, for multiple reasons, Plaintiff's purported retaliation claim should be DISMISSED.

  **c. To the extent Plaintiff takes issue with the date on which he was notified of his parole consideration hearing or the date on which it has been set, he is entitled to no relief from Defendants.**

Finally, in his response to Defendants' Motion to Dismiss, Plaintiff appears to take issue with the delay in his receiving a parole consideration hearing date as well as the year in which his parole consideration hearing has been tentatively set. He alleges that, per the Board's guidelines, his hearing should be set in 2028 rather than 2033. Doc. 17 at 4. However, the Court reiterates—for the final time—that Defendants are not responsible for setting Plaintiff's parole consideration hearing date, and those that are responsible are not parties to this lawsuit.[3] Accordingly, any claim Plaintiff purports to state against Defendants based on his 2033 hearing date should also be DISMISSED.

---

[3] Moreover, public records reflect—and Plaintiff does not dispute—that Plaintiff was convicted of attempted murder in or around 2019 and sentenced to 30 years in ADOC custody. *See* CC-2018-000077.00; *see also Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) ("Public records are among the permissible facts that a district court may consider" at the motion to dismiss stage). Alabama law provides that, for a prisoner convicted of attempted murder on or after March 21, 2001, "the initial parole consideration date shall be set for a date once a prisoner has completed 85 percent of his or her total sentence or 15 years, whichever is less." Ala. Code § 15-22-28(e)(2). Thus, even if those responsible for setting Plaintiff's parole consideration hearing date were parties to this action, it does not appear that Plaintiff would be entitled to an earlier hearing date.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS that:

1. Defendants' Joint Motion for Permission for Leave to File a Motion to Dismiss (Doc. 11) and accompanying Motion to Dismiss (Doc. 11-1) be GRANTED; and

2. This case be DISMISSED.

It is further ORDERED that, by **July 7, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 23rd day of June, 2023.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE